IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD J. PAYNE,

      Plaintiff,                      No. CIV S-08-1422 GEB DAD P

    vs.

GREGORY G. HOLLOWS, et al.,

      Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff's in forma pauperis application is incomplete because plaintiff did not attach a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint in this action. See 28 U.S.C. § 1915(a)(2). Plaintiff will be granted thirty days to submit a certified copy of his prison trust account statement for the relevant six-month period.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint filed on June 24, 2008, plaintiff names as defendants U.S. Magistrate Judge Hollows, United States District Judge England and his appointed counsel, J. Toney. Plaintiff alleges that Magistrate Judge Hollows appointed Mr. Toney to represent him but that plaintiff now wishes to proceed pro se. Plaintiff seeks "monetary damages due as a result of the stress and strain on this conflict concerning petitioners [sic] life and liberty . . . ." (Compl. at 5.) The court finds that plaintiff has failed to state a cognizable claim.

/////

1       The court's records indicate that <u>Payne v. Walker</u>, CIV S-07-1710 MCE GGH P, is a habeas action that currently is pending before the court. Plaintiff may not challenge a court's ruling in a case that is proceeding in this court by filing a separate civil rights action against the judges and his counsel in that case. Therefore, should plaintiff seek to proceed with this civil rights action, the court will recommend that it be dismissed as frivolous. Such dismissal would count as a strike for purposes of 28 U.S.C. § 1915(g).[1]

      In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall complete the attached Notice of Submission of Document and submit it to the court, within thirty days from the date of this order, with a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of the complaint in this action. If plaintiff indicates a desire to not proceed with this action by not filing his certified copy of his inmate trust account statement, the court will simply recommend that this action be dismissed without prejudice.

DATED: September 18, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
pay1422.3c

---

[1] Pursuant to that provision, the dismissal of three civil rights actions as frivolous or for failure to state a claim may result in plaintiff's inability to proceed in forma pauperis in subsequent actions.

1
2
3
4
5
6
7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  GERALD J. PAYNE,

11          Plaintiff,            No. CIV S-08-1422 GEB DAD P

12      vs.

13  GREGORY G. HOLLOWS, et al.,   NOTICE OF SUBMISSION

14          Defendants.           OF DOCUMENT

15  _____/

16      Plaintiff hereby submits the following document in compliance with the court's

17  order filed _____:

18      ____ certified trust account statement for the six-month period preceding the

19           filing of this action.

20  DATED: _____.

21
22
                                    _____
23                                  Plaintiff
24
25
26

4