IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD J. PAYNE,

      Plaintiff,                                No. CIV S-08-1422 GEB DAD P

    vs.

GREGORY G. HOLLOWS, et al.,        ORDER AND

      Defendants.                      FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On October 15, 2008, plaintiff submitted a certified copy of his trust account statement.

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

On September 19, 2008, plaintiff was advised that the court was required to screen complaints brought by prisoners under 28 U.S.C. § 1915A(a). Plaintiff was also advised that should he elect to proceed with this action against defendants Magistrate Judge Hollows, United States District Judge England and his appointed defense counsel, J. Toney, the court would recommend that the action be dismissed as frivolous. Plaintiff was advised that the court's records indicated that his complaint concerned a habeas action that was currently pending before the court, Payne v. Walker, CIV S-07-1710 MCE GGH P, and plaintiff could not attempt to challenge the court's ruling in that pending habeas action by filing a civil rights complaint against the assigned judges and his attorney in that action. In addition, it was noted that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967).[1] Despite the court's warning, plaintiff has not sought voluntary dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 20, 2008 application to proceed in forma pauperis (Doc. No. 2), is granted; and

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous. 28 U.S.C. § 1915A(b)(1).

---

[1] The court also forewarned plaintiff regarding the three-strikes provision at 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
pay1422.56